# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JASON MORGAN, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 4:16CV454 |
| WESTERN RIM INVESTORS 2013-3, L.P., | § | Judge Mazzant/Judge Johnson |
| NEWPORT CLASSIC HOMES, L.P., AND | § | |
| WW WOODBRIDGE, L.P. | § | |
|     Defendants. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 11, 2017, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations (*see* Dkt. #85) that Defendants Western Rim Investors 2013-3, L.P., Newport Classic Homes, L.P., and WW Woodbridge, L.P.'s No-Evidence Motion for Summary Judgment (Dkt. #47) be **DENIED**.

On August 24, 2017, Defendants filed objections to the report (*see* Dkt. #92), and Plaintiff filed a response (*see* Dkt. #95). The Court has made a *de novo* review of the objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Defendants first object to the Court's interpretation of *Harding v. Orlando Apartment, LLC*, 748 F.3d 1128 (11th Cir. 2014). Defendants claim that *Harding* sets forth a distinction between violations of the Fair Housing Act ("FHA"), under subsection 42 U.S.C. § 3604(f)(1) and § 3604(f)(2). *See* Dkt. #92 at 2-3. Specifically, Defendants argue that some design/build FHA

violations only amount to discrimination as to the "terms, conditions, or privileges" of a sale or rental of a dwelling, therefore constituting a violation of § 3604(f)(2); whereas other, more egregious violations, rise to a level making a dwelling for sale or rental "unavailable," and thus a violation of § 3604(f)(1). As the report notes, regardless of Defendants contentions distinguishing violations under § 3604(f)(1) and § 3604(f)(2), the former subsection does not require Plaintiff to demonstrate "unavailability" as an element of a claim for "discrimination" as defined in § 3604(f)(3)(C). *See* Dkt. 85 at 5. Thus, the Court finds no error in the Magistrate Judge's conclusion, and Defendants' objection is overruled.

Defendants also object to the Magistrate Judge's finding that the Court can grant injunctive relief to Plaintiff, which may generally prevent discrimination going forward. *See* Dkt. 92 at 3-8. Defendants argue that, for FHA violation cases involving individual plaintiffs, a court may only fashion injunctive relief which prevents future discriminatory housing practices as to the individual plaintiff making the allegations. *See id*. at 6. However, as the report notes, "in a civil Fair Housing Act case brought by a private person, 'if the court finds a discriminatory housing practice has occurred or is about to occur, the court may award the plaintiff actual and punitive damages, and . . . may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order. . . .'" Dkt. 85 at 6 (citing 42 U.S.C. § 3613(c)(1)).

Defendants' objection relies on a single case, *Balachowski v. Boidy*, No. 95 C 6340, 2000 WL 1365391 (N.D. Ill. 2000), which involved a plaintiff who was living in an apartment and was ultimately granted injunctive relief as to her particular unit. In the matter before the Court, Plaintiff is a *prospective* tenant, not a *current* tenant. As such, the Court does not find *Balachowski* instructive. Moreover, the Magistrate Judge provided ample authority for her conclusion that the Court can grant injunctive relief generally when an alleged disability-based housing violation

would remain, even if damages are awarded. *See* Dkt. 85 at 6-7. Thus, the Court finds no error in the Magistrate Judge's conclusion, and this objection is likewise overruled.

Based on the foregoing, Defendants' No-Evidence Motion for Summary Judgment (Dkt. #47) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 30th day of November, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE