# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON MORGAN, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | **CASE NO. 4:16CV454** |
| WESTERN RIM INVESTORS 2013-3, L.P., | § | Judge Mazzant/Judge Johnson |
| NEWPORT CLASSIC HOMES, L.P., AND | § | |
| WW WOODBRIDGE, L.P. | § | |
|     Defendants. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On November 21, 2017, the report of the Magistrate Judge (the "Report") was entered containing proposed findings of fact and recommendations (*see* Dkt. #110) that Plaintiff Jason Morgan's Motion for Partial Summary Judgment (Dkt. #70) be **GRANTED IN PART and DENIED IN PART**.

On December 4, 2017, Defendants filed objections to the Report (*see* Dkt. #119). The Court has made a *de novo* review of the objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Defendants first object to the Magistrate Judge's finding that Plaintiff's Declarations (Dkts. #70-1, #81-2) are competent evidence of a Fair Housing Act ("FHA") design/build failure. *See* Dkt. #119 at 4. Defendants argue that because Plaintiff is not an expert, the observations described in Plaintiff's Declarations are not FHA "violations" and do not establish he was a victim of "real

1

discrimination;" rather, they describe conditions that might or might not be violations and show he may have been a "victim of something he just thought was discrimination." *See id*. at 4-5. Defendants cite no law for the proposition that a plaintiff must prove they were a victim of "real discrimination" based solely on their own non-expert testimony.

As the Report notes, Plaintiff's Declarations provide non-expert observations of conditions at The Mansions at Woodbridge, an apartment complex located at 7700 Cody Lane, Sachse, Texas 75048. *See* Dkt. #110 at 8. The Report further states that Plaintiff's Declarations are substantiated by Plaintiff's Expert Report, which provided expert evidence of FHA violations, seventy-seven (77) of which were not disputed by Defendants' Expert Report (collectively, the "Expert Reports"). *See id.* at 8, 11. Defendants' objection overlooks this critical connection between Plaintiff's Declarations and the findings in the Expert Reports. The Magistrate Judge correctly found that Plaintiff's Declarations were competent evidence of FHA violations, and in conjunction with the Expert Reports, served as a proper basis to grant summary judgment in favor of Plaintiff on the undisputed violations. Thus, the Court finds no error in the Magistrate Judge's conclusion, and Defendants' objection is overruled.

Defendants also object to the Magistrate Judge's finding that Plaintiff's Expert Report concerned the same places and found violations of the same kind described in Plaintiff's Declarations. *See* Dkt. #119 at 10. Defendants' objection misstates the Magistrate Judge's findings. The Magistrate Judge stated that the Expert Reports *substantiated* Plaintiff's Declarations—not that the two perfectly aligned. *See* Dkt. #110 at 8. Plaintiff's Declarations served as a foundation of allegations upon which a more thorough investigation occurred by the parties' experts. Those more thorough investigations identified seventy-seven (77) undisputed violations of the FHA. *See id.* at 10-11. Accordingly, that the Expert Reports discussed more and

2

different design/build failures than those described in Plaintiff's Declarations does not disprove those violations actually exist. Thus, the Court finds no error in the Magistrate Judge's conclusion, and Defendants' objection is overruled.

Defendants lastly object to the Magistrate Judge's finding that Plaintiff is entitled to injunctive relief. *See* Dkt. #119 at 13. Defendants rely on case law concerning injunctive relief under the Americans with Disabilities Act and the Texas Deceptive Trade Practices Act, and argue that such relief may only be granted after a plaintiff shows they would directly benefit from the relief sought. *See id.* The Court does not find the cited case law instructive. Moreover, although this issue was not discussed in the Report, the Magistrate Judge previously ruled on the issue in this matter and provided ample authority for the conclusion that the Court can grant injunctive relief generally when an alleged disability-based housing violation would remain, even if damages are awarded. *See* Dkt. #85 at 6-7. Thus, the Court finds no error in the Magistrate Judge's conclusion, and this objection is likewise overruled.

Based on the foregoing, Plaintiff's Motion for Partial Summary Judgment (Dkt. #70) is **GRANTED IN PART and DENIED IN PART.**

**IT IS SO ORDERED.**

SIGNED this 29th day of December, 2017.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE